Wardlaw, J.
delivered the opinion of the Court.
The Act of 1747 was intended to regulate “ the trial of small and mean causes.” It gave to the justices of the peace jurisdiction in all matters of damages, for which an action of trespass, trover or slander, plight previously have been brought in the Common Pleas, as well as in matters of contract: provided that the debt or damages did not exceed £20 currency ($12.24): and after various provisions concerning the trial before a justice of the peace, it, in the 4-th section, used words which would have made the justice’s jurisdiction exclusive in all the matters aforesaid to the value of £20, if the proviso, upon which the present defendants now insist, had not been added to that section. See Vaughn v. Cade. By that proviso the loss of costs is made to follow the recovery of less than £20 in any action commenced and prosecuted in a higher Court of law. This was manifestly intended to prevent frivolous and vexatious litigation. Whilst the jurisdiction which the higher Court before had in a small case was still preserved, concurrent with the jurisdiction of the justice of the peace in the matters entrusted to him, the judgment of the former was, wherever the recovery was less than £20, shorne of the incident of costs, which would otherwise have attached to it.
Now the recovery in this case shews that by the joint trespass of the defendants, the plaintiff sustained damages to the value of $40 ; for the verdict is in effect a finding for the plaintiff of forty dollars, to be paid, in equal shares, by the eight defendants. The plaintiff could not have foreseen whether the jury would find damages jointly against all the defendants, or (according to the liberty given by our peculiar practice) apportion the damages amongst the defendants. If he *161 had sued only one defendant, or each of them severally, he was entitled to recover from any one the whole damages which the joint trespass had occasioned — for satisfaction to him of a recovery against any one would have been entire satisfaction. Sims v. Singleton. Appreciating his damages according to the measure which the verdict has shewn to be correct, he could not, under the Act of 1747, have sued for them before a justice of the peace. The apportionment of the damages which the jury has made, does not diminish the merit of the recovery or lessen its amount. As is said in Sims v. Singleton, “ when the damages are apportioned, the aggregate of all the damages found is the damage of the plaintiff.”
2 McMu'18”-
The recovery then not being below the required amount,, the plaintiff’s judgment will carry costs, and the order which was made is proper.
The motion is dismissed.
The whole Court concurred.

Motion refused.